AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| United States of America<br>v.<br><br>Lance White<br><br>_____<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case: 1:23-mj-00251
Assigned To : Meriweather, Robin M.
Assign. Date : 9/13/2023
Description: Complaint W/ Arrest Warrant

## ARREST WARRANT

To:    Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* _____ Lance White _____ ,
who is accused of an offense or violation based on the following document filed with the court:

❏ Indictment  ❏ Superseding Indictment  ❏ Information  ❏ Superseding Information  ☒ Complaint
❏ Probation Violation Petition  ❏ Supervised Release Violation Petition  ❏ Violation Notice  ❏ Order of the Court

This offense is briefly described as follows:

40 U.S.C. § 5104(e)(2)(D) - Violent Entry and Disorderly Conduct on Capitol Grounds,
18 U.S.C. § 1752(a)(1) - Knowingly enter or remain in any restricted building or grounds without lawful authority to
do
18 U.S.C. § 1752(a)(2) - Knowingly, and with intent to impede or disrupt the orderly conduct of Government business,
40 U.S.C. § 5104(e)(2)(G)- Parading, Demonstrating, or Picketing in a Capitol Building.

Date:    09/13/2023

*Issuing officer's signature*

2023.09.13
17:12:34 -04'00'

City and state:    Washington, D.C.

Robin M. Meriweather, U.S. Magistrate Judge
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* 9/13/2023 , and the person was arrested on *(date)* 9/18/2023<br>at *(city and state)* ▓▓▓▓▓▓▓▓ Kerheeville, NY |

Date: 9/18/2023

*Arresting officer's signature*

Brad Theroux Special Agent
*Printed name and title*

AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America<br>v.<br><br>Lance White<br>DOB: XXXXXX<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case: 1:23-mj-00251
Assigned To : Meriweather, Robin M.
Assign. Date : 9/13/2023
Description: Complaint W/ Arrest Warrant

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____January 6, 2021_____ in the county of _____ in the
_____ in the District of ___Columbia___ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 40 U.S.C. § 5104(e)(2)(D) - Violent Entry and Disorderly Conduct on Capitol Grounds,<br>18 U.S.C. § 1752(a)(1) - Knowingly enter or remain in any restricted building or grounds without lawful authority to do,<br>18 U.S.C. § 1752(a)(2) - Knowingly, and with intent to impede or disrupt the orderly conduct of Government business,<br>40 U.S.C. § 5104(e)(2)(G)- Parading, Demonstrating, or Picketing in a Capitol Building. | |

This criminal complaint is based on these facts:

See attached statement of facts.

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Brad Theroux, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1
by telephone.

Date: ___09/13/2023___

2023.09.13
17:13:45 -04'00'

_____
*Judge's signature*

City and state: ___Washington, D.C.___      Robin M. Meriweather, U.S. Magistrate Judge
*Printed name and title*

Case: 1:23−mj−00251
Assigned To : Meriweather, Robin M.
Assign. Date : 9/13/2023
Description: Complaint W/ Arrest Warrant

**STATEMENT OF FACTS**

1. ███████████, is a Special Agent assigned to the FBI Albany Joint Terrorism Task Force. In my duties as a special agent, I have worked on investigations involving counterterrorism and national security matters. In addition, I have worked temporary deployments related to crimes committed on Native American Reservations, as well as investigations related to violent street gangs, violent crimes, and drug trafficking. In these assignments, I have worked and continue to work with federal, state, and local law enforcement agents and officers on a number of criminal investigations.

2. I attended the FBI Academy in Quantico, Virginia from July to November of 2019, where I completed FBI Special Agent training, which, in part, included training in applying for and executing search warrants, conducting criminal investigations, and the obtaining and handling of evidence.

3. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18 of the United States Code. As a federal agent, I am authorized to investigate violations of the laws of the United States and to execute search warrants issued under the authority of the United States. Currently, I am tasked with investigating criminal activity in and around the Capitol grounds on January 6, 2021.

4. The facts in this affidavit come from my training and experience, and information obtained from other federal agents, law enforcement officers, and witnesses. This affidavit is intended to show that there is probable cause for the requested warrant and does not set forth all of my knowledge on this matter.

5. The U.S. Capitol is secured 24 hours a day by U.S. Capitol Police. Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by U.S. Capitol Police. Only authorized people with appropriate identification were allowed access inside the U.S. Capitol. On January 6, 2021, the exterior plaza of the U.S. Capitol was also closed to members of the public.

6. On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

7.  As the proceedings continued in both the House and the Senate, and with Vice President Mike Pence present and presiding over the Senate, a large crowd gathered outside the U.S. Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside.

8.  At such time, the certification proceedings were still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, around 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts.

9.  Shortly thereafter, at approximately 2:20 p.m. members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

10. During national news coverage of the aforementioned events, video footage which appeared to be captured on mobile devices of persons present on the scene depicted evidence of violations of local and federal law, including scores of individuals inside the U.S. Capitol building without authority to be there.

## **IDENTIFICATION OF LANCE DOUGLAS WHITE**

11. On January 25, 2022, Agents with the FBI Tampa Office interviewed an individual known to Lance Douglas WHITE (White), DOB; XX/XX/1970. Agents requested the individual put them in contact with White. That same day, an individual who identified himself as White called the agents from telephone number XXX-XXX-3084 ("3084") and provided his current address in Voorheesville, New York.

12. According to records obtained through a search warrant which was served on AT&T, on January 6, 2021, in and around the time of the incident, the cellphone associated with 3084 was identified as having utilized a cell site consistent with providing service to a geographic area that includes the interior of the restricted perimeter for the United States Capitol building.

13. On April 11, 2022, White was interviewed by FBI agents, including Your affiant. Among other statements, White stated the following: White was present at the Capitol on January 6, 2021 with a family member. White indicated that they did not attend Donald Trump's rally and spent most of the morning behind the Capitol Building. White heard other people talking about a crowd in front of the building and walked around to see a massive crowd approaching the Capitol Building. White stated he was caught up in the momentum of the

crowd and entered the Capitol Building through a broken window. White stated he encountered police officers inside the building, and briefly spoke to them.

14. During the interview, White was shown the following picture of a crowd at the Capitol with two individuals circled. (**Image 1**). White identified himself as the male wearing a bright blue jacket, black hat, and backpack (right). White stated he did not know the name of the male with the microphone (left), but that this individual was behaving like a "motivational speaker."



*Image 1*

15. On May 5, 2022, an individual personally familiar with White was interviewed and identified White as the male in the blue jacket, wearing both the black, and red hat, from the below photographs. (**Image 2**).

**Pictures Shown to Third-Party Interviewee on May 5, 2022:**






*Image 2, Yellow Circles Added*

16. On August 23, 2023, White was re-interviewed by FBI agents, including your affiant. White indicated he was not aware of or interested in political events, including the electoral certification, on January 6, 2021. White indicated that on January 6, 2021, he did not see barricades as he approached the Capitol Building however he did feel like he was trespassing once he came within one hundred yards of the building. White stated that he believed police were allowing individuals to enter the building.

17. White confirmed that he took photographs inside the Capitol Building using his phone on January 6, 2021. White indicated that he downloaded the photos to a compact disk, deleted the photos from his phone, and placed the disk under a rug in his backyard. White met with your affiant and provided the disk containing eighty-eight photos from inside and around the Capitol Building. White stated that he no longer had the clothes that he wore to the Capitol on January 6, 2021.

## LANCE WHITE'S CONDUCT ON JANUARY 6, 2021

18. I have reviewed both open-source media and United States Capitol Police closed circuit video ("CCV") video footage of the events that took place in the U.S. Capitol on January 6, 2021.  Based on that review, I have observed the following:

19. Prior to entering the Capitol Building, White was positioned immediately outside of the Capitol Building, standing in a crowd around an individual with a microphone. **(Image 3)**.



*Image 3*

20. At approximately 2:23pm, White entered the Capitol Building from the West Side through a broken window. **(Image 4)**. White can be seen wearing a bright blue shirt, red hat, white ski goggles, and shorts with an American flag pattern, and carrying a green backpack.



*Image 4*

21. From approximately 2:23pm to 2:26pm, White assisted other rioters in entering through that same broken window by waving his arms to guide them in and holding objects, such as flags, for rioters while they climb through the window into the Capitol Building. **(Image 5).**



*Image 5*

22. At approximately 2:26pm, law enforcement officers responded to the breach and attempted to seal off the area and prevent more rioters from entering the Capitol Building. White then exited the building at approximately 2:26pm. **(Image 6).**



*Image 6*

23. White then re-entered the Capitol Building through the Upper West Terrace Door at approximately 2:37pm. **(Image 7).**



*Image 7*

24. At approximately 2:41pm, White was inside of the Rotunda using his cell phone. (**Image 8**).



*Image 8*

25. At approximately 2:43pm, White was inside Statuary Hall and appeared to take a photo of a statue. (**Image 9**)



*Image 9*

26. At approximately 2:43pm, White walked to the Statuary Hall Connector. **(Image 10).**



*Image 10*

27. At approximately 2:46pm, White exited the Capitol Building via the East Front House Door. After exiting, White turned around and re-entered the building. **(Image 11, 12)**



*Image 11*



*Image 12*

28. At approximately 2:48pm, White walked through Statuary Hall. **(Image 13)**.



*Image 13*

29. At approximately 2:49pm, White was again inside of the Rotunda. **(Image 14)**



*Image 14*

30. At approximately 2:51pm, White continued through the Supreme Court chamber stairs, passing a Capitol Police Officer. (**Image 15**).



*Image 15*

31. At approximately 2:53pm, White exited the U.S. Capitol building via the Senate Wing Door on the North Side of the Capitol (**Image 16).**



*Image 16*

32. Based on the foregoing, your affiant submits that there is probable cause to believe that White violated 18 U.S.C. § 1752(a)(1) and (2), which makes it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do; and (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions; or attempts or conspires to do so. For purposes of Section 1752 of Title 18, a "restricted building" includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service, including the Vice President, is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance.

33. Your affiant submits there is also probable cause to believe that White violated 40 U.S.C. § 5104(e)(2)(D) and (G), which makes it a crime to willfully and knowingly (D) utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress and (G) parade, demonstrate, or picket in any of the Capitol Buildings.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

telephone, this __13___ day of September 2023

2023.09.13
17:11:01 -04'00'

U.S. MAGISTRATE JUDGE

AO 466A (Rev. 12/17)  Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the

Northern District of New York

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Lance White | ) |
| | ) |
| Defendant | ) |

Case No.   1:23-mj-512 (DJS)

Charging District's Case No.   1:23-mj-251 (RMM)

### WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* _____

District of Columbia                                                                                            .

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)     a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)     a hearing on any motion by the government for detention;

(6)     request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒     an identity hearing and production of the warrant.

☐     a preliminary hearing.

☐     a detention hearing.

☐     an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district.  I request that my
☐ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date:  9/18/23

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Danielle Neroni
*Printed name of defendant's attorney*

513736

AO 199A/B Order Setting Conditions of Release

# United States District Court
## Northern District of New York

| United States of America<br><br>V.<br><br>Lance White | **ORDER SETTING CONDITIONS OF RELEASE**<br><br>Case Number: 1:23-mj-512 (DJS) |
|---|---|

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1)  The defendant must not commit any offense in violation of federal, state, or local law while on release in this case.

(2)  The defendant must cooperate in the collection of a DNA sample if such collection is authorized by 34 U.S.C. § 40702.

(3)  The defendant must timely advise the court or Pretrial Services in writing before making any change of residence or telephone number.

(4)  The defendant must appear at all proceedings as required and, if convicted, must surrender for service of any sentence imposed as directed.  The defendant must next appear at

_____on _____.
              place                                        date and time

If blank, defendant will be notified of next appearance.

### Additional Conditions of Release

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the Court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

(  )  (5)  The defendant must sign an Appearance Bond.  If ordered to do so, the defendant must provide the Court with the following indicia of ownership of the property posted, or the following amount of percentage of the such property: Click here to enter text.

(  )  (6)  The defendant is placed in the custody of:

Name of person or organization: _____

Address: _____

Telephone No.: _____

Who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the Court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____      _____
                                 Custodian or Proxy           Date

**Additional Conditions of Release (continued)**

☒ (7) The defendant must:

☒ (a)    Report to Pretrial Services within 24 hours of release, telephone number <u>(315) 234-8700 / (518) 257-1700</u>, and as directed thereafter.

☒ (b)    Allow a probation officer to visit at any time at the defendant's home or elsewhere, and must permit confiscation of any contraband observed in plain view of the probation officer.

☒ (c)    Refrain from possessing a firearm, destructive device, or other dangerous weapon.

☐ (d)    Execute a bail bond with solvent securities in the amount of $Click here to enter text.

☒ (e)    Maintain or actively seek employment.

☐ (f)    Maintain or commence an educational program.

☐ (g)    Surrender any passport to: **The Clerk of the Court**[1].

☐ (h)    ~~Obtain no passport or other international travel documents~~

☒ (i)    Notify Pretrial Services of any travel outside the Northern District of New York
~~Restrict travel to the Northern District of New York unless approved by Pretrial Services or the Court.~~

☐ (j)    Remain at an authorized address as approved by Pretrial Services or the Court.

☐ (k)    Avoid all contact with codefendants and defendants in related cases unless approved by Pretrial Services or the Court.

☐ (l)    Avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: Click here to enter text. .

☐ (m)    Submit to a mental health evaluation and/or treatment as approved by Pretrial Services or the Court. The defendant must contribute to the cost of services rendered in an amount to be determined by Pretrial Services based on ability to pay or availability of third-party payments.

☐ (n)    Return to custody each (week)day as of Click here to enter text. after being released each (week)day as of Click here to enter text. for employment, schooling, or the following limited purpose(s): Click here to enter text. .

☐ (o)    Maintain residence at a halfway house or community corrections center, as approved by Pretrial Services or the Court.

☐ (p)    Refrain from Choose an item. consumption of alcohol.

☐ (q)    Refrain from possession, use, distribution, importation, or manufacture of any and all controlled substances and any and all controlled substance analogues, as defined in 21 U.S.C. §802, except that possession and use of a controlled substance properly prescribed by a licensed medical practitioner is permitted.

☐ (r)    Submit to any method of testing required by Pretrial Services or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

☐ (s)    Participate in and successfully complete a program of outpatient or inpatient substance abuse therapy and counseling. Outpatient treatment may be approved by Pretrial Services or the Court. Inpatient substance abuse treatment must be approved by the Court. The defendant must contribute to the cost of services rendered in an amount to be determined by Pretrial Services based on ability to pay or availability of third-party payments.

☐ (t)    Refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing, and/or computer or electronic monitoring which is (are) required as a condition(s) of release.

☐ (u)    Participate in one of the following monitoring or location restriction programs and abide by all the requirements of the program. The defendant must pay all or part of the cost of the program as determined by Pretrial Services based upon ability to pay.

     ☐ (i)    **Curfew.** The defendant is restricted to the defendant's residence every day ☐ from to , subject to modifications by Pretrial Services, or ☐ as directed by Pretrial Service or the Court.

     ☐ (ii)    **Home Detention.** The defendant is restricted to the defendant's residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney

---

[1] For U.S. Passports, the passport will be returned to the U.S. Office of Passport Policy and Planning upon conviction; For Foreign Passports, the passport will be forwarded to the Bureau of Immigration and Customs Enforcement (ICE); The passport will **only** be returned to the defendant if the case is dismissed.

visits; court appearances; court-ordered obligations; or other activities as pre-approved by Pretrial Services or the Court.

☐ (iii)   **Home Incarceration.**  The defendant is restricted to the defendant's residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by Pretrial Services or the Court.

☐ (iv)   **Stand Alone Monitoring.**  The defendant has no residential curfew, home detention, or home incarceration restrictions.  However, the defendant must comply with the location or travel restrictions as imposed by the court.  Note: Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

☐ (v)   Submit to the following location monitoring technology and comply with its requirements as directed:

☐ (i)   Location monitoring technology as directed by Pretrial Services or the supervising officer; or

☐ (ii)   Voice Recognition; or

☐ (iii)   Radio Frequency; or

☐ (iv)   GPS

☒ (w)   Report within 72 hours, to Pretrial Services or the Court any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

☒ (x)   Not commit another crime, in the United States or elsewhere (including any criminal violation of the law of any province, state, county, town, city, village, or other subdivision of a country, or of any recognized tribe).

☐ (sc.1) The defendant must not use or possess a computer, data storage device, or any internet capable device without the approval of Pretrial Services or the Court.

☐ (sc.2)  The defendant must not use or possess any computer, data storage device, or any internet capable device, at any location, except at his/her place of employment, unless the defendant participates in the Computer and Internet Monitoring Program (CIMP), or unless authorized by the Court or Pretrial Services. If placed in the CIMP, the defendant will comply with all of the rules of the program and pay the costs associated with the program. Pretrial Services may use and/or install any hardware or software system that is needed to monitor the defendant's use of a computer or internet capable device. The defendant must permit Pretrial Services to conduct periodic, unannounced examinations of any computer equipment, including any data storage device, and internet capable device he/she uses or possesses. This equipment may be removed by Pretrial Services or their designee for a more thorough examination. The defendant may be limited to possessing one personal internet capable device to facilitate Pretrial Services' ability to effectively monitor his/her internet related activities.

☐ (sc.3)  The defendant must not frequent places where persons under the age of 18 are likely to congregate.  This shall include, but is not limited to, schools, parks and arcades, unless it is approved by Pretrial Services or the Court.

☐ (sc.4)  The defendant must not have any direct contact with a person under the age of 18 unless it is supervised by a person approved of by Pretrial Services or the Court.  The defendant must not have indirect contact with a person under the age of 18 through another person or through a device (including a telephone, computer, radio, or other means) unless it is supervised by a person approved of by Pretrial Services or the Court.  The defendant must reasonably avoid and remove himself/herself from situations in which he/she has any other form of contact with a minor.  While this condition would not be violated by unintended, incidental contact with a minor in a public space, any significant personal interaction with a minor, even if unintended or incidental, should be reported to Pretrial Services within 72 hours.

☐ (sc.5)  The defendant must not subscribe to or use any internet services at any location without the approval of Pretrial Services or the Court.  Telephone bills, credit card bills and service agreements must be provided upon the request of Pretrial Services or the Court.

☐ (sc.6)  The defendant must not utilize any internet site directly or through another person unless it is approved by Pretrial Services or the Court.

☐ (sc.7)  The defendant must participate in a mental health program which shall include medical, psychological, or psychiatric evaluation, and may include participation in a treatment program for sexual disorders.  The program shall be approved by Pretrial Services.

☐ (sc.8)  The defendant must contribute to the cost of any evaluation, testing, treatment and/or monitoring services rendered in an amount to be determined by Pretrial Services based on his/her ability to pay and the availability of third party payments.

☒        No travel to D.C. unless for court, pretrial, or consultation with attorney.

☒        Participate in all future proceedings as directed.

Page 3

**Advice of Penalties and Sanctions**

**TO THE DEFENDANT:**

**YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:**

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant or officer of the court. The penalties for tampering, retaliating and intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1)     an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2)     an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3)     any other felony, you shall be fined not more than $250,000 or imprisoned for not more than two years, or both;

(4)     a misdemeanor, you shall be fined not more than $100,000 or imprisoned for not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

**Acknowledgment of Defendant**

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

_Albany , NY_
City and State

**Directions to United States Marshal**

(✓)     The defendant is ORDERED released after processing.

(  )     The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date:  _Sept 18, 2023_        _____
Honorable Daniel J. Stewart
U.S. Magistrate Judge

Page 4

CJA,CLOSED

# U.S. District Court
# Northern District of New York - Main Office (Syracuse) [NextGen CM/ECF Release 1.7 (Revision 1.7.1.2)] (Albany)
# CRIMINAL DOCKET FOR CASE #: 1:23-mj-00512-DJS-1

Case title: USA v. White

Date Filed: 09/18/2023

Other court case number: 1:23-mj-00251-RMM-1 District of Columbia (Washington, DC)

Date Terminated: 09/18/2023

Assigned to: Magistrate Judge Daniel J. Stewart

**Defendant (1)**

**Lance White**
*TERMINATED: 09/18/2023*

represented by **Danielle Neroni**
Law Office of Danielle Neroni
668 Madison Avenue
Albany, NY 12208
518-366-6933
Email: danineroni@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*
*Bar Status: Active*
*Fee Status: paid_2023*

**Pending Counts**

None

**Disposition**

**Highest Offense Level (Opening)**

None

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

40:5104(e)(2)(D) - Violent Entry and
Disorderly Conduct on Capital Grounds.,
18:1752(a)(1) - Knowingly enter or remain

**Disposition**

in any restricted building or grounds
without lawful authority to do, 18:1752(a)
(2) - Knowingly, and with intent to impede
or disrupt the orderly conduct of
Government Business, and 40:5104(e)(2)
(G) - Parading, Demonstrating, or Picketing
in a Capitol Building.

---

**Plaintiff**

**USA**                                    represented by   **Benjamin S. Clark**
                                                            DOJ-USAO
                                                            445 Broadway
                                                            Room 218
                                                            Albany, NY 12207
                                                            518-431-0213
                                                            Email: benjamin.s.clark@usdoj.gov
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*
                                                            *Designation: Assistant US Attorney*
                                                            *Bar Status: Active*
                                                            *Fee Status: waived_2023*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 09/18/2023 | 1 | TRANSFER Documents Received as to Lance White (Attachments: # 1 D.C. - Statement of Facts, # 2 D.C. - Arrest Warrant, # 3 D.C. - Order to Seal, # 4 D.C. - Docket Sheet)(gmd) (Entered: 09/20/2023) |
| 09/18/2023 | | Rule 5(c)(3) arrest of Lance White. (gmd) (Entered: 09/20/2023) |
| 09/18/2023 | | Text Minute Entry for an Initial Appearance/Removal hearing as to Lance White held on 9/18/2023 before Magistrate Judge Daniel J. Stewart. Defendant is provided a copy of the partially redacted Complaint, Statement of Facts, Sealing Order, and Warrant as filed in the District of Columbia. Government motion to unseal for the purpose of this proceeding is granted. Defendant is advised of their rights, charges, and maximum penalties. Court questions defendant as to their financial means and finds that defendant qualifies for counsel. Counsel has been appointed. Government advises that they intend to remove this case to the District of Columbia. Defendant signs Waiver of Rule 5 & 5.1 form. Government argues for release on conditions recommended by the District of Columbia. Court sets and reviews each condition with defendant. Government advises that a remote initial appearance has been set in the District of Columbia before Magistrate Judge Moxila A. Upadhyaya for Tuesday September 26, 2023 at 12:30 PM. Defense counsel advises she has offered to assist defendant in attending that proceeding. Appearances: Benjamin Clark, Esq., AUSA; Danielle Neroni, Esq., (CJA) for defendant. [PO: Craig Penet; Court Reporter: Jacqueline Stroffolino]. Time: 1:41 PM - 2:08 PM. (gmd) (Entered: 09/20/2023) |
| 09/18/2023 | 2 | CJA 20 - TEXT ORDER - Appointment of Attorney Danielle Neroni for Lance White. Refer to the Court's website: http://www.nynd.uscourts.gov/criminal-justice-act for comprehensive information relating to court appointed representation. Attorneys are reminded that CJA vouchers are to be submitted to the court no later than 45 days after the final disposition of the case, unless good cause is shown. Please refer to Appendix II of the CJA Plan |

| | | |
|---|---|---|
| | | (Guidelines for Submitting Claims for Reimbursement Pursuant to the Criminal Justice Act of the Northern District of New York). So Ordered by Magistrate Judge Daniel J. Stewart on 9/18/2023. (gmd) (Entered: 09/20/2023) |
| 09/18/2023 | 3 | WAIVER of Rule 5(c)(3) Hearings in this District by Lance White (gmd) (Entered: 09/20/2023) |
| 09/18/2023 | 4 | ORDER SETTING CONDITIONS OF RELEASE as to Lance White. Signed by Magistrate Judge Daniel J. Stewart on 9/18/2023. (gmd) (Entered: 09/20/2023) |
| 09/18/2023 | | NOTICE as to Lance White - Attorneys appointed pursuant to the Criminal Justice Act are reminded that CJA Vouchers are to be submitted no later than 45 days after the final disposition of the case, unless good cause is shown. Refer to the Court's website: http://www.nynd.uscourts.gov/criminal-justice-act for comprehensive information relating to court appointed representation. (gmd) (Entered: 09/20/2023) |
| 09/20/2023 | | TEXT NOTICE to the Clerk, District of Columbia (Washington, D.C.) of a Rule 5, Rule 32, or Rule 40 Appearance as to Lance White: Your case number is: 1:23-mj-00251-RMM-1. On 9/18/2023, Defendant appeared in the NDNY as a result of an arrest warrant issued. The defendant waived his/her right to Identity Hearing in this district and was Released. NDNY did not collect a bond or passport. Please use PACER Court Links to access the public docket and documents. (gmd) (Entered: 09/20/2023) |